UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ELIJAH WILSON, | 4:17-CV-04044-KES |
| Movant, | |
| vs. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## INTRODUCTION

Movant, Elijah Wilson, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The government moves to dismiss the petition for failure to state a claim. Docket 27. The case was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) for a report and recommendation. On January 2, 2018, Magistrate Judge Veronica Duffy submitted her report and recommendation for disposition of this case to the court. Docket 47. Wilson objects to the proposed findings and recommendations under 28 U.S.C. § 636(b)(1). For the following reasons and after reviewing the objected maters de novo, the report and recommendation is adopted as supplemented by this opinion.

## FACTS

A full factual background was provided by the magistrate judge in her report and recommendation. Docket 47. Thus, this court will only give a simple

explanation and point to the magistrate judge's report and recommendation for the full background.

On April 8, 2014, Wilson was charged with commercial sex trafficking in violation of 18 U.S.C. §§ 1591 and 1594(a). *United States v. Wilson*, CR 14-40038 (hereinafter "CR"), Docket 2. Wilson and the government reached a plea agreement. It required Wilson to enter a plea of guilty to a superseding information that charged Wilson with attempting to transport a minor for the purpose of engaging in illicit sexual conduct in violation of 18 U.S.C. §§ 2423(b) and (e). CR Docket 46 ¶ C. The court accepted Wilson's guilty plea. CR Docket 106 at 11. On July 16, 2015, the court sentenced Wilson to 46 months imprisonment and 5 years supervised release. CR Docket 74 and 76.

Wilson filed a motion to vacate, set aside or correct his sentence on March 30, 2017. Docket 1. In response, the government moved to dismiss Wilson's motion for failure to state a claim upon which relief can be granted. Docket 27.

In her report and recommendation, Magistrate Judge Duffy recommends that the government's motion to dismiss be granted. Docket 47. Wilson timely filed objections to the report and recommendation. In his objection, Wilson alleges a misrepresentation of facts proving the charge, ineffective assistance of counsel, and a violation of his fifth amendment right of due process. Docket 51.

**LEGAL STANDARD**

Review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See also* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Then the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994). The court is not obligated to review the portions of the report to which no objection was made. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**DISCUSSION**

**I.    Factual Objections**

Wilson raises seven objections to Magistrate Judge Duffy's report and recommendation. Docket 51. Wilson's first four objections are to factual conclusions in the report and recommendation that he believes are false. *Id.* ¶ 1-4. Wilson argues that the evidence does not show he "attempted or co[n]spired to commit the acts as d[e]scribed in 18 U.S.C. 2423(a) or (b)." *Id.* ¶ 2. The report and recommendation does not claim that Wilson engaged in a sexual act with any person. Rather, it accurately recounts Wilson's admission in the factual basis statement that states, "Wilson told officers he was

3

attempting to hire the advertised females in order to transport them from South Dakota to a party which was to take place in Des Moines, Iowa." CR Docket 47 at 2. This fact was affirmed during Wilson's change of plea hearing in court when Wilson admitted that he signed the factual basis statement and that the written facts were true. *Id.* A guilty plea is a solemn declaration in open court that a defendant in fact is guilty of the offense with which he is charged and it carries "a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977).

Wilson contends that the description of the facts in his case preclude him from being guilty of 18 U.S.C. §§ 2423(b) and (e). Docket 51 ¶ 2. Wilson has not, however, offered any new evidence to contradict his signed statement of facts nor has he shown that "failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008) (quotation omitted). The fact-based objections made by Wilson are solely conclusory statements. Thus, Wilson's first four objections are overruled. Docket 51.

## II.  Right to Effective Assistance of Counsel

Wilson reasserts in his fifth and sixth objections that trial counsel (1) ignored the facts as presented in order to spend the least amount of time possible in representing Wilson in his criminal case, or (2) failed to investigate and research, or to adequately prepare to represent Wilson in his criminal case.

4

Docket 51 ¶ 5. The report and recommendation determined that Wilson's counsel's performance was not deficient or unreasonable according to *Strickland v. Washington*, 466 U.S. 668, 698 (1984). Docket 47 at 23. Under *Strickland*, Wilson must show that counsel's performance was deficient and that said performance prejudiced the defense. *Id.* at 687. Wilson carries the burden of establishing ineffective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984); *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003).

The basis of Wilson's ineffective counsel objection is "such deficient representation of [Wilson] by his trial counsel undermine[s] the voluntary and intel[li]gent nature of [Wilson's] plea, and therefore [Wilson's] claims on the merits are not precluded. " Docket 51 ¶ 6 (quotations omitted). This objection relies on the four previous objections, claiming factual conclusions of "actual innocence." Docket 51 ¶ 4. As discussed above, Wilson has made no showing that his admission of guilt was either involuntary or unintelligent. Considering Wilson's objection, the court finds the report and recommendation properly relies on a credible recitation of the facts that were presented in this case. Additionally, Wilson has not shown that his counsel's representation was as either deficient or that his counsel's performance prejudiced Wilson as is required under *Strickland*. Wilson has failed to demonstrate that he received

ineffective assistance of counsel. Thus, Wilson's fifth and sixth objections are overruled.

### III. Fifth Amendment Due Process Claim

The only statement made by Wilson for his due process objection is a citation of two cases: *United States v. Moore*, 136 F.3d 1343 (9th Cir. 1998), and *United States v. Childress*, 104 F.3d 47 (4th Cir. 1996). These two cases deal specifically with an appeal concerning the definition of a statute's "sexual act" that includes an intention to cause death. *Moore*, 136 F.3d at 1344; *Childress*, 104 F.3d at 52. Here, the controlling statute definition does not include any reference to an intention to cause death. 18 U.S.C. § 2246(2). The report and recommendation accurately recounted the elements necessary to prove that Wilson violated the attempting to transport a minor for the purpose of engaging in illicit sexual conduct statute and the contents of Wilson's factual basis statement showing that he violated this statute. Wilson objects to the magistrate judge's report and recommendation, but he does not provide any evidence or applicable authority as to why the magistrate judge's conclusion should not be adopted by this court. Thus, Wilson's seventh objection is overruled.

## CONCLUSION

After de novo review of the matter, including careful review of Wilson's motion to vacate, set aside, or correct, the government's motion to dismiss, and

Wilson's other pending motions [Dockets 29, 32, 34, 36, 40, 43 and 44], the court agrees with Magistrate Judge Duffy's recommendation for the reasons stated above and those set forth in the report and recommendation.

Thus, it is ORDERED

(1) That Wilson's objections 1-7 to the report and recommendation [Docket 51] are overruled,

(2) Magistrate Judge Duffy's report and recommendation [Docket 47] is adopted in full as supplemented herein,

(3) Government's motion to dismiss [Docket 27] is granted with prejudice,

(4) Wilson's motion to vacate, set aside, or correct [Docket 1] is dismissed without an evidentiary hearing, and

(5) Wilson's other pending motions [Dockets 29, 32, 34, 36, 40, 43 and 44] are denied as moot.

Dated July 19, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE